Filed 2/7/23  P. v. Melger CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C096712 |
| v. | (Super. Ct. No. 22FE007924) |
| THOMAS MELGER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Thomas Melger asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

## I

In May 2022, defendant threw a rock through the driver's side of a vehicle window. The rock broke the window and struck the driver. Defendant pleaded no contest to assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)[1] and vandalism (§ 594, subd. (a)) and admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12). The parties stipulated to a five-year four-month prison sentence and, consistent with the stipulation, the trial court sentenced defendant as follows: (1) the low term of two years for the assault, doubled to four years because of the prior strike conviction, and (2) eight months consecutive for the vandalism, doubled to 16 months because of the prior strike conviction. The trial court ordered defendant to pay a $900 restitution fine (§ 1202.4, subd. (b)) and a $900 parole revocation fine (§ 1202.45). The remaining charges and allegations were dismissed with a *Harvey* waiver.[2]

Defendant did not obtain a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

DISPOSITION

The judgment is affirmed.

                                        /S/
                              MAURO, Acting P. J.


We concur:


        /S/
KRAUSE, J.



        /S/
McADAM, J.*

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.